[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11944

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MIGUEL PEDRAZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20286-CMA-9

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Miguel Pedraza, proceeding *pro se*, appeals the district court's denial of his third motion for compassionate release as well as the denial of his motion for reconsideration as to that decision. The Government has moved for summary affirmance. After review,[1] we grant the Government's motion.

## I. DISCUSSION

### A. Motion for Compassionate Release

#### 1. Failing to evaluate extraordinary and compelling reasons

Pedraza contends the district court abused its discretion in only considering the § 3553(a) factors without first making a determination as to whether extraordinary and compelling circumstances justify his release. District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the 18 U.S.C.

---

[1] We review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

§ 3553(a) sentencing factors[2] favor doing so; (2) there are extraordinary and compelling reasons for doing so; and (3) doing so would not endanger any person or the community within the meaning of U.S.S.G. § 1B1.13's policy statement.[3]  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also* 18 U.S.C. § 3582(c)(1)(A) (noting that relief must be "consistent with applicable policy statements issued by the Sentencing Commission").  While district courts need not address these three conditions in a specific sequence, as the absence of even one forecloses a sentence reduction, *Tinker*, 14 F.4th at 1237-38, they are required "to weigh and balance [these] considerations in the first instance," *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

---

[2] The 18 U.S.C. § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the applicable Guidelines range; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1)-(7).

[3] Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A).  U.S.S.G. § 1B1.13.  That policy statement states extraordinary and compelling reasons include, in relevant part, the defendant's medical circumstances and family circumstances, such as situations where the defendant would be the only available caregiver to an immediate family member.  *Id.* § 1B1.13(b)(1), (3).  In addition, § 1B1.13 states the district court must also determine the defendant is not a danger to the safety of others, as provided in 18 U.S.C. § 3142(g).  *Id.* § 1B1.13(a)(2).

Pedraza's argument is foreclosed by *Tinker*'s holding that courts need not determine whether extraordinary and compelling circumstances exist before evaluating the § 3553(a) factors. *See Tinker*, 14 F.4th at 1237-38. Pedraza asserts *Tinker*'s holding is erroneous, but he points to no binding authority overruling this precedent, and this Court must follow it. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (stating the prior precedent rule requires us to follow a prior binding precedent unless it is overruled by this Court *en banc* or by the Supreme Court).

Pedraza faults the district court for not expressly acknowledging his arguments as to extraordinary circumstances, but the court was not required to expressly address all of Pedraza's mitigating evidence. *See Tinker*, 14 F.4th at 1241 (stating while "an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient," "[a] sentence may be affirmed so long as the record indicates that the district court considered 'a number of' the factors'"). Further, to the extent the court failed to consider his arguments as to extraordinary circumstances, the court was not required to do so, because its unfavorable § 3553(a) analysis precluded relief, thereby rendering frivolous any arguments as to extraordinary circumstances. *See id.* at 1237-38.

### 2. *Weight given to offense conduct*

Pedraza contends the district court abused its discretion in putting too much weight on his offense conduct, which occurred approximately ten years ago, to the exclusion of his arguments

regarding postsentencing circumstances. A district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Tinker*, 14 F.4th at 1241 (quotation marks omitted). "While a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail, it must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (quotation marks omitted). Further, when a court considers the § 3553(a) factors in the context of a motion under § 3582(c)(1)(A)(i), "it must ensure that the record reflects that it considered the applicable § 3553(a) factors." *Cook*, 998 F.3d at 1185 (quotation marks and alteration omitted).

All applicable § 3553(a) factors must be considered, but the weight given to each § 3553(a) factor "is committed to the sound discretion of the district court," and "a district court may attach great weight to one § 3553(a) factor over others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Thus, the Supreme Court has observed that, although "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," *Pepper v. United States*, 562 U.S. 476, 491 (2011), "the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation . . . counsel[s] in favor of a sentence reduction," *Concepcion v. United States*, 597 U.S. 481, 502 (2022).

It was not an abuse of discretion for the district court to attach great weight to the severe nature of Pedraza's offense conduct. Pedraza's offense conduct directly relates to the sentencing factors relied upon by the court, including his history and characteristics, the seriousness of the offense conduct, and the need to afford adequate specific and general deterrence. *See* 18 U.S.C. § 3553(a). Although Pedraza's postsentencing conduct, personal health, and family circumstances indeed relate to his history and characteristics, the court acted within its discretion in attaching greater weight to the seriousness of his offense conduct, the need for deterrence, and the negative aspects of his history and characteristics. *See Butler*, 39 F.4th at 1355.

Pedraza asserts the district court erred because it "did not consider any arguments." However, the court implicitly showed consideration of those arguments by explaining that an assessment of Pedraza's characteristics weighed against granting relief. Although the court's acknowledgment of Pedraza's arguments was not explicit or as comprehensive as its prior orders denying compassionate release, the court's language is contextualized by the fact this is the third instance in less than four years where the court rejected Pedraza's argument based on the § 3553(a) factors. Even if Pedraza had been totally rehabilitated, this would not alter the severity of his offense conduct. Notably, Pedraza stipulated to having murdered a rival gang member, as well as trafficking in guns and drugs.

24-11944                Opinion of the Court                7

The Government's position that the district court acted within its discretion in denying Pedraza's motion for compassionate release is clearly correct as a matter of law. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[4] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). Accordingly, we grant the Government's motion for summary affirmance as to this issue.

### B. Motion for Reconsideration

Pedraza contends the district court abused its discretion in failing to afford him sufficient time to reply to the Government's response in opposition to his motion for reconsideration.

The local rules for the Southern District of Florida state:

> [A] movant may, within seven (7) days after service of an opposing memorandum of law, file and serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law . . . .

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

> Time shall be computed under this Local Rule in ac-
> cordance with applicable federal rules of procedure
> (e.g., Fed. R. Civ. P. 6(a) and Fed. R. Crim. P. 45(a)).

S.D. Fla. L. R. 7.1(c)(1).  The Federal Rules of Criminal Procedure, in turn, state, "Whenever a party must . . . act within a specified time after being served and service is made under Rule 49(a)(4)(C) . . . , 3 days are added after the period would otherwise expire . . . ."  Fed. R. Crim. P. 45(c).  Pursuant to Rule 49(a)(4)(C), service may be completed by "mailing [the document] to the person's last known address—in which event service is complete upon mailing."  *Id.* R. 49(a)(4)(C).  Thus, a movant who is served an opposing memorandum by mail has ten days to file and serve a reply memorandum in support of his motion.  *See* S.D. Fla. L. R. 7.1(c)(1); Fed. R. Crim. P. 45(c), 49(a)(4)(C).

The Government's position that the district court's denial of Pedraza's motion for reconsideration was not an abuse of discretion is clearly correct as a matter as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Even in light of his *pro se* status, Pedraza had 10 days to file a reply once the Government filed its May 10, 2024, response to his motion for reconsideration, and the district court waited 12 days to issue its May 22, 2024, paperless order denying the motion.  *See United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) (stating "a *pro se* defendant must follow the rules of procedure"); *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (stating we liberally construe *pro se* filings).  Thus, the courts issuance of its order at that time was not an abuse of discretion.

Furthermore, the Government is also correct regarding: (1) the court's inability to address Pedraza's reply, as it was filed after his notice of appeal; and (2) the lack of any evidence suggesting that Pedraza's reply would have changed the outcome of his case because he merely reiterated his prior arguments, and thus, any error in this regard was harmless. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); Fed. R. Crim. P. 52(a) (providing harmless error is an error "that does not affect substantial rights" and "must be disregarded"). Thus, the district court's failure to wait for Pedraza's reply was not an abuse of discretion.

## II. CONCLUSION

We grant the Government's motion for summary affirmance.

**AFFIRMED.**